**FILED**
**Jun 04, 2019**
**08:27 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | |
|---|---|
| **JODY GARRETT,** <br> Employee, <br> v. <br> **PRECISION PIPING AND PLUMBING,** <br> Employer, <br> And <br> **ACCIDENT FUND INSURANCE OF AMERICA,** <br> Carrier. | ) **Docket Number: 2018-02-0076** <br> ) <br> ) <br> ) **State File Number: 9524-2018** <br> ) <br> ) <br> ) <br> ) **Judge Brian K. Addington** <br> ) <br> ) |

## EXPEDITED HEARING ORDER

Jody Garrett requested that Precision Plumbing pay for medical and temporary disability benefits for a thumb injury that he claimed arose primarily out of and in the course and scope of his employment. Precision Plumbing denied the accident occurred while Mr. Garrett was at work. The Court held an Expedited Hearing on May 31, 2019, and concludes Mr. Garrett failed to establish he would likely prevail at a hearing on the merits regarding his request for medical and temporary disability benefits.

### Claim History

Mr. Garrett worked for Precision as a plumber and received a salary as opposed to hourly pay. He primarily worked under Jeff Underwood, supervisor of Precision's remodeling and service division. Mr. Underwood had no ownership interest in Precision.

As head of the remodeling and service division, Mr. Underwood kept Precision's supplies at his residence. On occasion, Mr. Garrett worked at Mr. Underwood's residence cleaning the work van and sorting supplies. In addition to the work for Precision, he also performed occasional odd jobs at Mr. Underwood's home, including helping to install siding. It was this type of odd job that led to Mr. Garrett's injury.

1

On October 10, 2017, Mr. Garrett finished his plumbing jobs early. He rode back to Mr. Underwood's house.[1] Mr. Underwood was splitting firewood for a church festival, and he gave Mr. Garrett the option to either get a ride home or stay and help split wood. Mr. Garrett chose to stay and help. He partially amputated his thumb while splitting the wood. Mr. Garrett received emergency treatment at two hospitals and was released later that night. The following day, and for a short time afterward, he continued working for Precision.

In November, Precision terminated Mr. Garrett after determining he used the company's debit card without permission and incurred excessive absences. It also received customer complaints concerning alcohol on his breath. Although Mr. Garrett admitted using the debit card without permission, he testified he repaid the money the next day. He denied the other allegations and argued that Precision terminated him because he asked Precision to pay his medical bills and provide temporary disability benefits.

Precision denied compensability of his injury. It argued that Mr. Garrett's injury did not arise primarily out of or in the course and scope of his employment because he was not at work at the time of the accident and the log-splitting did not benefit Precision. Therefore, he is not entitled to workers' compensation benefits. Additionally, even if the injury were work-related, Mr. Garrett's termination for cause prohibited recovery of temporary disability benefits.

Mr. Garrett countered that the injury arose out of his work for Precision. He asserted that because he completed his plumbing jobs early, he was required to help Mr. Underwood, his supervisor, cut and split firewood as part of his job duties.

### Finding of Facts

Precision denied that Mr. Garrett's injury arose primarily out of and in the course and scope of his employment. Thus, it argued the claim is not compensable. To recover benefits at this expedited hearing, Mr. Garrett must show a likelihood of proving compensability of his claim at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2018).

To be compensable under the workers' compensation statutes, an injury must arise primarily out of and in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(14). An injury occurs in the course and scope of employment if it takes place while an employee is performing a duty he was hired to perform and focuses on the time, place, and circumstances of the injury. *Jacobs v. Bridgestone Americas Tire*, 2018 TN Wrk. Comp. App. Bd. LEXIS 4, at *9-10 (Feb. 7, 2018).

---

[1] Mr. Garrett had no driver's license, so Precision hired a driver to take him to and from job sites.

Precision hired Mr. Garrett as a plumber. Therefore, any activity not directly or indirectly related to plumbing, including splitting logs for his supervisor, fell outside the scope of his work. Also, his injury occurred after the work day, when Mr. Garrett could have gone home but volunteered to help Mr. Underwood prepare for a church event.

The Court finds no casual connection between Mr. Garrett's job as a plumber and the work he performed chopping wood as an act of kindness for Mr. Underwood. The work did not benefit Precision. Therefore, the Court holds he is not likely to prevail at a hearing on the merits in proving compensability of his injury.

**IT IS, THEREFORE, ORDERED as follows:**

1.  Mr. Garrett's requested relief is denied at this time.

2.  This case is set for a Status Hearing on September 27, 2019 at 10:00 a.m. Eastern Time. The parties must call **855-543-5044** toll-free to participate in the hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

**ENTERED JUNE 4, 2019.**


/S/ Brian K. Addington
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**


**APPENDIX**

Exhibits:
1. Jody Garrett's Affidavit
2. Pay Stubs from January to November 2017
3. Collective Exhibit Medical bills (for Identification Purposes)
4. Medical Records of Sycamore Shoals
5. Medical Records of Johnson City Medical Center
6. Jody Garrett's Deposition
7. Photo

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Agreed Order of Continuance

3

5. Employer's Motion to Continue Expedited Hearing
6. Order Continuing Expedited Hearing and Setting Hearing
7. Employee's Witness and Exhibit Lists
8. Employee's Pre-Hearing Brief
9. Employer's Witness List

## CERTIFICATE OF SERVICE

I certify that a correct copy of this Order was sent to the recipients below as indicated on June 4, 2019

| Name | Certified Mail | First Class Mail | Email | Service Sent to: |
|---|---|---|---|---|
| Todd East, Employee's Attorney | | | X | todd@toddeast.com jennifer@toddeast.com |
| Cole Stinson, Employer's Attorney | | | X | cole.stinson@accidentfund.com christine.spear@accidentfund.com |

_Penny Shrum_

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____ day of _____, 20___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                      RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

| | | | |
|---|---|---|---|
| Groceries | $ _____ per month | Telephone | $ _____ per month |
| Electricity | $ _____ per month | School Supplies | $ _____ per month |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $ _____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**


_____
APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires: _____


LB-1108 (REV 11/15)                                                     RDA 11082